IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) AIG CLAIMS, INC. and TATA AIG ) GENERAL INSURANCE COMPANY ) LIMITED, ) ) Defendants. ) | Case No. 23-CV-373-RAW-DES |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff, Atlantic Specialty Insurance Company's ("Plaintiff" or "Atlantic Specialty") Motion to Remand this action to the District Court of Murray County. (Docket No. 14). On November 15, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 13). For the reasons set forth below, the undersigned Magistrate Judge recommends Plaintiff's Motion to Remand be GRANTED in part and DENIED in part.

I. Background

Plaintiff initiated this action on September 28, 2023, by filing a Petition in the District Court of Murray County. (Docket No. 2, Exhibit 1). The Petition alleges Breach of Duty of Good Faith and Fair Dealing against Defendant AIG Claims, Inc. ("AIG") and Defendant Tata AIG General Insurance Company Limited ("Tata") for their handling of the wrongful death claim brought by the Estate of Randi Shavonne Kirkland ("Kirkland Estate"). *Id.* Plaintiff further alleges

1

Breach of Contract, Equitable Contribution, Contractual Subrogation and Equitable Subrogation against Defendant Tata. *Id.*

Plaintiff alleges that in October 2019, Randi Shavonne Kirkland, a mother of four children, died as the result of a car accident when an oncoming driver crossed over the dividing line and stuck her car. *Id.* The driver and passenger in the oncoming car were traveling on business for their employers, Hexaware Technologies, Inc. and Hexaware Technologies Limited. *Id.* Ms. Kirkland's Estate sued the employees along with their employers for wrongful death. This suit was ultimately settled for $4 million. *Id.* Plaintiff alleges that although it provided primary insurance coverage for all four defendants in the wrongful death case, Tata acting through AIG refused to pay anything towards the settlement. *Id.* Plaintiff provided auto umbrella coverage to Hexaware Technologies, Inc. and its employee and paid for the entire settlement. *Id.* Plaintiff now brings this cause of action as subrogate to the rights of Hexaware Technologies, Inc. and the driver under the terms of the auto and umbrella policies. *Id.*

Plaintiff brought this action in state court based on lack of diversity jurisdiction since Plaintiff is incorporated under the laws of New York, Defendant AIG has its principal place of business in New York, and Defendant Tata has its principal place of business in Mumbai, India. *Id.* This action was removed to this Court by a notice of removal filed October 30, 2023, by Defendant AIG who alleged that it was fraudulently joined to defeat removal, and therefore, its citizenship should be disregarded for purposes of removal and jurisdiction. (Docket No. 2 at 2). Defendant AIG alleges it is a claims administrator, not an insurer, and did not have a "special relationship" with the defendants in the underlying lawsuit. *Id.* Following the removal from Murray County, Plaintiff filed its Motion to Remand. (Docket No. 14). The Motion to Remand has now been fully briefed.

II.     Analysis

Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). A case pending in state court may be removed by a defendant to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). The original jurisdiction of the federal courts includes jurisdiction over civil actions where the amount in controversy exceeds $75,000 and each defendant is a resident of a different state than each plaintiff. *See* 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). To invoke diversity jurisdiction under 28 U.S.C. §1332, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). For diversity purposes, "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted); 28 U.S.C. §1332(c)(1). A defendant seeking removal bears the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Defendant AIG claims that removal is appropriate because Plaintiff fraudulently joined them in its Petition to defeat diversity jurisdiction. "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (10th Cir. 2013) (citation omitted). In its notice of removal, Defendant AIG did not argue that Plaintiff's jurisdictional facts were fraudulent. In fact, Plaintiff's jurisdictional facts

3

were identical to the jurisdictional facts noted by Defendant AIG in its Notice of Removal. Therefore, Defendant AIG cannot demonstrate fraudulent joinder though actual fraud in the pleading of jurisdiction facts. Defendant AIG relies instead on the allegation that there is no viable claim for bad faith against AIG because it is a stranger to the insurance contract issued by Tata. (Docket No. 23 at 2). Defendant AIG argues "[u]nder Oklahoma law, a cause of action for breach of the duty of good faith and fair dealing should be made against the insurance company, Tata AIG. While Oklahoma has recognized a narrow exception for third parties who are in a 'special relationship' with the insureds, Plaintiff fails to allege any facts that would support the claim that AIG Claims had a 'special relationship' with the Kirkland Defendants. Nor did Plaintiff allege any facts to support the factors identified by the Oklahoma Supreme Court that are required to impose a duty of good faith and fair dealing on AIG Claims." *Id.*

As Defendant argues, under Oklahoma law, "[n]ormally, only the insurer owes the duty of good faith and fair dealing to its insured. Agents of the insurer—even agents whose acts may have been material to a breach of the duty—do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract." *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 562 (Okla. 2004) (citation omitted). "However, the imposition of a nondelegable duty on the insurer does not necessarily preclude an action by an insured against a plan administrator for breach of an insurer's duty of good faith." *Id.* A stranger to the insurance contract may have a duty of good faith and fair dealing where the third party "performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims." *Id.* at 563. Whether a "special relationship" exists between the third party and the insured is determined by looking at the "specific facts and circumstances" of each case. *Id.*

Even Defendant AIG acknowledges that a claim of bad faith can be brought against a third party or plan administrator under certain facts and circumstances; and while Defendant AIG argues that Plaintiff cannot prove AIG falls into those circumstances, the fact remains that it is possible for Plaintiff to have a cause of action against Defendant in state court making Defendant's claim of fraudulent joinder unsupported. "To prove their allegation of fraudulent joinder [the removing party] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (quotation and citation omitted). This is a "heavy burden" that is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6), *id.* at *1-2*, and Defendant must establish its non-liability with "complete certainty" on "undisputed evidence." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (holding that a court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination"). Defendant AIG's admission that claims for bad faith can and have been brought against third parties in state court, is sufficient to defeat removal for fraudulent joinder.

III.  Conclusion

The facts presented in Plaintiff's well-plead Petition and Oklahoma State law establish that Plaintiff can maintain a cause of action against Defendant AIG in state court.  As such, the undersigned Magistrate Judge does not find there is a fraudulent joinder of Defendant AIG and recommends Plaintiff's Motion to Remand be GRANTED.

Plaintiff also requests an award of fees and costs. Such an award is only proper where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The undersigned Magistrate Judge does not believe that

5

Defendant lacked a reasonable basis for seeking removal; therefore, Plaintiff's request for attorney's fees and costs should be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 5th day of June, 2024.

_____
D. Edward Snow
United States Magistrate Judge